IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| STEVEN MOUZONE SCOTT, # 17046-083, ) | Civil Action No. 3:05-3027-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MATTHEW HAMIDULLAH, WARDEN; ) | |
| ANITA CANO, CASE MANAGER; ) | |
| SLIVIA THOMPSON, SOCIAL WORKER; AND ) | |
| THE UNITED STATES GOVERNMENT, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| _____ ) | |

Plaintiff filed this action, pro se, on October 31, 2005.[1] He filed an amended complaint on October 31, 2005, and a second amended complaint on November 21, 2005. On March 21, 2006, Defendants Matthew Hamidullah ("Hamidullah"); Anita Cano ("Cano"), and the United States Government (collectively the "Federal Defendants") filed a motion to dismiss or in the alternative for summary judgment.[2] Plaintiff, because he is proceeding pro se, was advised on March 29, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Federal Defendants' motion for summary judgment could result in the dismissal of his complaint. Plaintiff filed a response on May 1, 2006.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

[2] As matters outside the pleadings have been considered, the undersigned has treated this as a motion for summary judgment.

## FACTS

Plaintiff is an inmate at the Federal Correctional Institution in Estill, South Carolina ("FCI-Estill"). He is serving a 120-month sentence with four years supervised release for the offense of conspiracy to possess with intent to distribute more than 5 grams but less than 50 grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841(A)(1) and 846, imposed by the United States District Court for the District of South Carolina. Plaintiff claims that on June 5, 2002, Cano sought and obtained a state family court order which required Plaintiff to pay a maximum amount of $244.11 per month in child support payments. Cano presented Plaintiff with a Contract, under Program Statement § 5380, Inmate Financial Responsibility Program ("IFRP"), threatening him with sanctions if he refused to sign the contract. Plaintiff signed an Inmate Financial Contract on June 12, 2002, in which he agreed to pay $30.00 per quarter toward his financial obligations.

On May 12, 1999, Plaintiff signed an order of financial responsibility, filed with the Family Court, Fourteenth Judicial Circuit in Beaufort County, South Carolina. In it, he agreed to make child support payments of $233.81 per month ($217 child support plus $10 arrearage plus 3 percent court costs) beginning May 29, 1999. On June 5, 2002, the South Carolina Department of Social Services issued an Order/Notice, filed with the Beaufort County Family Court, to withhold income for child support for the amount of $244.11 ($217 child support plus $20 arrearage plus 3 percent court costs). Federal Defendants' Motion for Summary Judgment, Ex. 14. It was on the basis of this order/notice that Cano presented the Inmate Financial Contract to Plaintiff.

## DISCUSSION

In his second amended complaint, Plaintiff claims that Defendants violated his constitutional rights and seeks recovery under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971).  Plaintiff alleges that: (1) the State Court of Beaufort County improperly delegated its authority to establish installments and timing of child support payments to the Federal Bureau of Prisons ("BOP")[3] or its prisons or prison officials; (2) the BOP or prison officials "did improperly except [sic] the State of South Carolina's delegation of its authority to establish and/or impose child support payments via the Inmate Financial Responsibility Program"; (3) Defendants are liable for equitable damages for all monies taken; and (4) Defendants violated Plaintiff's Fifth Amendment Due Process rights.  The Federal Defendants contend that their motion for summary judgment should be granted because: (1) to the extent Plaintiff is suing Defendants Hamidullah and Cano in their official capacities, the Court lacks jurisdiction to consider the complaint; (2) to the extent that Plaintiff asserts a <u>Bivens</u> action against the United States, sovereign immunity bars such action; (3) Plaintiff fails to show a due process violation; (4) Defendant Hamidullah cannot be held liable on a theory of supervisory liability; (5) the individual Federal Defendants are entitled to qualified immunity; (6) claims against Cano should be dismissed for failure to comply with the applicable statute of limitations; and (7) claims under the FTCA are barred by the applicable statute of limitations.

1.     <u>Defendant Slivia Thompson</u>

---

[3]Plaintiff has not named this entity as a Defendant in this action.

Service was returned unexecuted as to Defendant Slivia Thompson ("Thompson") on March 2, 2006.[4] The return indicates that Plaintiff provided an insufficient address for service.

Federal Rule 4(m) states in part:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Further, Local Rule 4.01, D.S.C. provides:

*Timely Service of Summons and Complaint*. In the event a pleading asserting a claim is not served on each party against whom a claim is asserted within one hundred twenty (120) days after filing of the pleading, the party asserting a claim shall advise in writing the Court and all parties previously served at the expiration of said one hundred twenty-day (120) period of the identity of the party not served and why service has not been effected.

Plaintiff fails to show that Defendant Thompson has been served. He has not requested that the Marshal attempt to serve Thompson at a different address or completed a new USM-285 form for Thompson. Further, he has not advised the Court and parties previously served of the identity of the party not served and why service has not been effected. It is, therefore, recommended that Defendant Thompson be dismissed sua sponte as a Defendant to this action.

2.    Bivens Claim

---

[4]In their motion for summary judgment, counsel for the Federal Defendants states:
Slivia Thompson is not an employee of the Federal Bureau of Prisons as she is identified in the Complaint as a social worker for the South Carolina Department of Social Services. Therefore, the United States Attorney's Office does not represent Ms. Thompson.
Federal Defendants' Motion for Summary Judgment at 1.

Plaintiff appears to assert that his due process rights were violated because he was required to make payments under the IFRP. He also alleges that the BOP has accepted a delegation of the South Carolina Court's authority to collect child support payments.

    a.    Jurisdiction

Defendants Hamidullah and Cano contend that Plaintiff cannot bring a Bivens action against them in their official capacities. This court lacks subject matter jurisdiction over Plaintiff's claims brought pursuant to Bivens against Defendants in their official capacities. The United States cannot be sued without its consent, and consent is a prerequisite to a suit against the United States. United States v. Mitchell, 463 U.S. 206, 212 (1983). The United States has not consented to suit under the Bivens doctrine. The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants. Gilbert v. Da Grossa, 756 F.2d 1455, 1458 (9th Cir. 1985); cf. Hawaii v. Gordon, 373 U.S. 57, 58 (1963). Claims against Defendants in their official capacities are barred by the doctrine of sovereign immunity. See Hagemeier v. Block, 806 F.2d 197, 202 (8th Cir. 1986), cert. denied, 481 U.S. 1054 (1987); Gilbert, 756 F.2d at 1458.

    b.    Statute of Limitations

Defendant Cano contends that any Bivens claim against her should be dismissed because Plaintiff failed to comply with the applicable statute of limitations. State law concerning limitation of actions applies in claims brought under § 1983 and in Bivens actions. See Wilson v. Garcia, 471 U.S. 261, 266 (1985); see also Burnett v. Grattan, 468 U.S. 42 (1984); Owens v. Okure, 488 U.S. 235 (1989); Reinbold v. Evers, 187 F.3d 348 (4th Cir. 1999)[Table]. In South Carolina, the statute of limitations is generally six years for claims arising before April 5, 1988, and

three years for claims arising after that date. S.C. Code Ann. § 15-3-530; S.C. Code Ann. § 10-143 (1962). A claim accrues when the plaintiff knows, or has reason to know, of the injury that forms the basis of the action. Sameric Corp. of Del. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

Plaintiff's Bivens action is barred by the applicable statute of limitations. Here, Plaintiff had reason to know of the injury at the time he signed the agreement in June 2002. He, however, did not file this action until over three years later in October 2005.

c.     Improper Delegation

Plaintiff, citing United States v. Miller, 77 F.3d 71 (4th Cir. 1996), claims that the BOP or prison officials improperly accepted the State of South Carolina's delegation of its authority to establish and/or impose child support payments via the IFRP. The Federal Defendants contend that Miller is inapplicable to Plaintiff's claim. The Fourth Circuit held that a federal district court may not delegate its authority to the BOP or the probation officer to set the amount and timing of fine payments pursuant to 18 U.S.C. § 3572.77. Miller, 77 F.3d at 77-78. The financial obligation Plaintiff is being required to satisfy, however, is an obligation to pay child support which he agreed to and which was not ordered by the federal district court. As there is no indication that 18 U.S.C. § 3572 is applicable to state and local courts, the holding in Miller is not controlling in this situation. Further, the BOP did not set Plaintiff's payments. Here, Plaintiff signed an agreement in May 1999, well before he was sentenced in federal court, agreeing to child support payments. See Federal Defendants' Motion for Summary Judgment, Ex. 14. He later signed a contract with

the BOP, agreeing to voluntary quarterly payments towards his financial obligations.[5] See Federal Defendants' Motion for Summary Judgment, Ex. 10.

        d.     Due Process

Plaintiff alleges that Defendants violated his due process rights because they required him to make payments towards his child support obligation. Defendant Cano states that when Scott arrived at FCI-Estill, she was assigned as his case manager; she reviewed Plaintiff's Presentence Investigation Report ("PSI") to see if he had any documented financial obligations; his PSI indicated he had a court-ordered child support obligation entered on May 12, 1999, by the Beaufort County Family Court; she obtained a copy of the order and calculated a payment schedule in accordance with Program Statement 5380.07, IFRP; she met with Plaintiff to obtain his consent to start making quarterly payments toward his court-ordered child support obligation; Plaintiff voluntarily consented to make such payments; and he has made monthly payments in accordance with the policy. Cano states that she does not force any inmate to sign an IFRP contract, participation in the IFRP is voluntary, and if an inmate refuses to participate in the program he is placed in "refused" status and loses some privileges. Cano Aff.

The BOP instituted the IFRP to assist in the collection of court-ordered financial obligations. The guidelines for this program are codified in the Code of Federal Regulations at 28 C.F.R. §§ 545.10 and 545.11 and implemented in BOP Program Statement 5380.07, IFRP. See Federal

---

[5]Plaintiff appears to dispute the amount of child support he should owe because he signed the order of financial responsibility with the Beaufort County Family Court when he was employed outside of prison and he is now imprisoned. It appears, however, that Plaintiff's dispute should be addressed with the family court, not the BOP.

7

Defendants' Motion for Summary Judgment, Ex. 9.[6] The financial plan developed includes state and local obligations. 28 C.F.R. 545.11(a)(4). Refusal by an inmate to participate in the financial responsibility program or to comply with the provisions of his financial plan ordinarily results in the following:

> (1) Where applicable, the Parole Commission will be notified of the inmate's failure to participate;
>
> (2) The inmate will not receive any furlough (other than possibly an emergency or medical furlough);
>
> (3) The inmate will not receive performance pay above the maintenance pay level, or bonus pay, or vacation pay;
>
> (4) The inmate will not be assigned to any work detail outside the secure perimeter of the facility;
>
> (5) The inmate will not be placed in UNICOR. Any inmate assigned to UNICOR who fails to make adequate progress on his/her financial plan will be removed from UNICOR, and once removed, may not be placed on a UNICOR waiting list for six months....
>
> (6) The inmate shall be subject to a monthly commissary spending limitation more stringent than the monthly commissary spending limitation set for all inmates....
>
> (7) The inmate will be quartered in the lowest housing status (dormitory, double bunking, etc.);
>
> (8) The inmate will not be placed in a community-based program;
>
> (9) The inmate will not receive a release gratuity unless approved by the Warden;

---

[6] To the extent Plaintiff alleges that Defendants did not follow their own policies, his claim fails as a failure of prison officials to follow their own policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

  (10) [Reserved]

  (11) The inmate will not receive an incentive for participation in residential drug treatment programs.

28 C.F.R. § 545.11(d).

  Plaintiff claims that his due process rights were violated because he had to pay monies, through the IFRP, towards his child support. Plaintiff, however, signed a contract with the BOP to make payments towards his financial obligations. See Federal Defendants' Motion for Summary Judgment, Exs. 8 and 10. To the extent that Plaintiff is claiming that his due process rights are violated because he loses privileges if he does not make the payments, his claim also fails. Under the analysis of liberty interests set out by the Supreme Court in Sandin v. Conner, 515 U.S. 472 (1995), Plaintiff fails to show that he has a constitutionally protected liberty property interest in the privileges above, including inmate pay, a certain prison job, higher commissary spending limitations, his housing placement, early release, and participation in programs.[7] Removal of

---

[7]See, e.g., Kennedy v. Blankenship, 100 F.3d 640, 642 n. 2, 643 (8th Cir.1996) (holding that placement in punitive isolation was not an atypical and significant deprivation even though prisoner faced restrictions in mail, telephone, visitation, commissary, and personal-possession privileges); Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir.1991) (en banc)("[C]hanges in a prisoner's location, variations of daily routine, changes in conditions of confinement [including administrative segregation], and the denial of privileges [are] matters which every prisoner can anticipate are contemplated by his original sentence to prison."); Bowser v. Vose, 968 F.2d 105, 106 (1st Cir. 1992)(per curiam)(denial of furlough to prisoner implicates no liberty interest protected by the Fourteenth Amendment); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980)("An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the Due Process Clause."); Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"); Altizer v. Paderick, 569 F.2d 812 (4th Cir.), cert. denied, 435 U.S. 1009 (1978)(custody classifications and work assignments are generally within the discretion of the prison administrator); Alley v. Angelone, 962 F. Supp. 827, 834 (E.D.Va. 1997)(prisoner did not have a protected interest in continued employment because lack of
(continued...)

privileges as part of the IFRP constitutes neither a restraint on Plaintiff's freedom "exceeding the sentence in such an unexpected manner as to give rise to protection of the Due Process Clause by its own force" nor a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

### e. Supervisory Liability

Defendant Hamidullah contends that he cannot be held liable on a theory of supervisory liability. The doctrine of respondeat superior generally is inapplicable to § 1983 and Bivens actions, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982); Wright v. Smith, 21 F.3d 496 (2d Cir. 1994); and Howard v. Federal Bureau of Prisons, 1999 WL 798883, 198 F.3d 236 (4th Cir. 1999)[Table]. Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

Here, Plaintiff has not alleged any personal involvement of Hamidullah in the alleged actions. He has not alleged that Hamidullah was actively and knowingly involved with the alleged

---

[7](...continued)
employment was clearly within the range of confinement which could be expected by most inmates); and Brooks v. Dunn, 376 F. Supp. 976, 978 (W.D.Va. 1974)(no constitutional right to furlough).

unconstitutional conduct. Thus, Defendant Hamidullah should not be held liable pursuant to a theory of supervisory liability.

        f.        <u>Qualified Immunity</u>

Defendants Hamidullah and Cano contend that they are entitled to qualified immunity. The Supreme Court in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

<u>Harlow</u>, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

<u>Wiley v. Doory</u>, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), <u>cert. denied</u>, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants Hamidullah or Cano violated his established constitutional or statutory rights. Therefore, Defendants Hamidullah and Cano are entitled to qualified immunity in their individual capacities.

11

    3.    <u>FCTA Claim</u>

Plaintiff also alleges a claim under the Federal Tort Claims Act ("FTCA"). Defendants contend that Plaintiff's FTCA claim is barred by the applicable statute of limitations.

The FTCA provides a limited waiver of sovereign immunity whereby the United States government submits itself to be sued in limited situations for negligent acts by its employees, in which private individuals under similar circumstances would be liable under state law. 28 U.S.C. § 1346(b) and §§ 2671 <u>et</u> <u>seq.</u> A suit under the FTCA lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. See <u>Myers and Myers, Inc. v. United States Postal Service</u>, 527 F.2d 1252, 1256 (2d Cir. 1975). The provisions of the FTCA are to be strictly construed. <u>United States v. Kubrick</u>, 444 U.S. 111, 117-8 (1979)(FTCA waiver should not be extended or narrowed beyond that which Congress intended).

A cause of action under the FTCA must be presented to the appropriate Federal agency within two years after the claim accrues, and the tort suit must be begun within six months after the date of the final denial of the claim by the agency to which it was presented. <u>See</u> 28 U.S.C. § 2401(b); <u>Dyniewicz v. United States</u>, 742 F.2d 484, 485 (9th Cir. 1984). A tort claim pursuant to FTCA accrues when plaintiff knows or reasonably should know of existence and cause of his injury. 28 U.S.C.A. § 2401(b); <u>see</u> <u>Miller v. United States</u>, 932 F.2d 301, 303 (4th Cir. 1991).

Plaintiff claims in his administrative tort claim that his injury began on June 5, 2002. He, however, did not file his administrative claim until over two years later, on September 8, 2005. See Federal Defendants' Motion for Summary Judgment, Exs. 12 and 13.[8]

## CONCLUSION

Based on review of the record, it is recommended that the motion for summary judgment of Defendants Hamidullah, Cano, and the United States Government (Doc. 19) be granted and that Defendant Thompson be dismissed sua sponte for Plaintiff's failure to serve Thompson.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

February 2, 2007

Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[8] In his opposition memorandum, Plaintiff argues that the statute of limitations should not apply because he signed additional contracts after the first one and thus the time limitations should be extended. Plaintiff did not allege this in his complaint. Further, as discussed above, Plaintiff admitted in his administrative claim that his injury began in June 2002.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).