**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **Steven Mouzone Scott, # 17046-083**  )<br>  )<br>**Plaintiff,**  )<br>  )<br>v.  )<br>  )<br>**Matthew Hamidullah, Warden;**  )<br>**Anita Cano, Case Manager;**  )<br>**Slivia Thompson, Social Worker; and**  )<br>**The United States Government,**  )<br>  )<br>**Defendants.**  )<br>_____)  | C/A No. 3:05-3027-CMC-JRM<br><br>O R D E R |

Plaintiff, proceeding *pro se* filed his original complaint pursuant to 42 U.S.C. § 1983 on October 31, 2005. He then filed an amended complaint on October 31, 2005, and a second amended complaint on November 21, 2005. Defendants Hamidullah, Cano, and the United States Government filed a motion to dismiss or in the alternative for summary judgment on March 21, 2006. Apparently, Defendant Slivia Thompson was not served.[1] Plaintiff was advised on March 29, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the motion could result in the dismissal of his complaint. Plaintiff filed a response on May 1, 2006.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation. On February 2, 2007, the Magistrate Judge issued a Report recommending that the motion for summary judgment of Defendants Hamidullah, Cano, and the United States Government be granted and that Defendant Thompson be dismissed *sua sponte* for

---

[1] Service was returned as to Defendant Slivia Thompson on March 2, 2006. The return indicates that Plaintiff provided an insufficient address for service.

Plaintiff's failure to serve Thompson. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that " in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the second amended complaint, the motion, the response, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

**THEREFORE IT IS HEREBY ORDERED** that the motion for summary judgment of Defendants Hamidullah, Cano, and the United States Government is **GRANTED**, and it is

**FURTHER ORDERED** that Defendant Thompson is **DISMISSED** *sua sponte* for Plaintiff's failure to serve Thompson..

**IT IS SO ORDERED**.

2

          s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 21, 2007

C:\temp\notesFFF692\~3625672.wpd